IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DOMINGO VASQUEZ VILLEGAS**,

Petitioner,

vs.

**BRIAN BELLEQUE**,

Respondent.

Civil Case No. 08-319-KI

OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General

Page 1 - OPINION AND ORDER

Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

      Attorney for Respondent

KING, Judge:

Petitioner Domingo Vasquez Villegas brings this action, pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  For the reasons set forth below, I deny the petition.

## FACTS

Petitioner faced several charges in four separate cases filed in Tillamook County Circuit Court from August 22, 2001 to April 2002.  Petitioner was indicted for Driving While Under the Influence of Intoxicants and Possession of a Controlled Substance (Methamphetamine) on August 22, 2001.  He was subsequently charged with three misdemeanor counts of Harassment on November 8, 2001, due to his interactions with his girlfriend, Andrea Butz.  On April 4, 2002, he was charged with fifteen counts arising from his treatment of Butz on March 29, 30 and 31st, 2002.  Those counts were as follows:  Assault in the Second Degree, Recklessly Endangering Another Person, Assault in the Fourth Degree, Harassment, Interference with Making a Report, two counts of Kidnapping in the First Degree, Kidnapping in the Second Degree, Coercion, Delivery of a Controlled Substance (Methamphetamine) Within 1,000 Feet of a School, Menacing, Criminal Trespass in the Second Degree, Resisting Arrest, Possession of a Controlled Substance, and Supplying Contraband.  Finally, he was charged with Violating a Restraining Order when he sent Butz several letters from jail in mid-April 2002.

Page 2 - OPINION AND ORDER

Petitioner entered not guilty pleas to all the charges and the court appointed him counsel. Defense counsel gave notice that petitioner would rely on a mental disease or defect and petitioner's psychiatric examination was scheduled. Petitioner waived a jury trial. The state dismissed count 15, alleging that petitioner supplied contraband to the jail. At the bench trial, the court found petitioner failed to prove a mental disease or defect and convicted him on all counts.

The parties did not request a presentence investigation and the court sentenced defendant in October 2002. The court imposed Measure 11 sentences of 90 months' imprisonment for the kidnapping and a consecutive sentence of 70 months' imprisonment for the assault. The court concluded that the kidnapping counts merged and imposed concurrent sentences on the remaining counts.

The events culminating in the April 4th indictment are those most relevant to petitioner's amended request for relief. According to the evidence submitted by the state during the bench trial, petitioner beat his live-in girlfriend, Butz, on March 29 and 30th. She was seven and a half months pregnant. They had both been using methamphetamine for the past week and, perhaps in part as a result of his drug-induced state, petitioner was angry at Butz because he believed she had not been faithful to him. They returned from their week-long binge to the house where they lived. Although Butz' parents owned the home, her parents rarely visited and when they did come over they did not open the door.

Immediately upon entering the home, just before midnight on March 29th, petitioner covered the windows with blankets, locked the door and took the batteries out of the cordless telephone. He directed Butz to the bathroom where he beat her. Butz testified that she tried to get out, but he held her there. Petitioner and Butz then moved to the living room. Petitioner hit

Page 3 - OPINION AND ORDER

Butz with his belt on her hands, arms, legs, back, bottom and feet. He told her he beat her feet so that she could not leave. He stepped on her stomach, although perhaps unintentionally. They then moved to the bedroom, where he beat her more. Butz tried to get away, but petitioner was stronger than she was. Butz testified that she felt like she was being tortured.

The next morning, petitioner and Butz left the house to have breakfast with petitioner's sister, but she was not home. Petitioner drove Butz out to Netarts and said he was going to take her into the woods and beat her. Butz was able to convince him to take her home. They returned to the house where petitioner continued to threaten Butz. Butz was finally able to sleep at about six p.m. on March 30th. She woke up about 30 minutes later to find her water had broken. Petitioner refused to take Butz to the hospital and he told her the baby would be taken from her. She tried to call 9-1-1 twice, but petitioner hung up the phone. Petitioner placed methamphetamine under her nose and directed her to the shower. Butz again tried to call 9-1-1 and was able to get through to the dispatcher. Petitioner found Butz on the phone, took the phone away from her and told the dispatcher that everything was all right.

The dispatcher sent two officers to check on Butz around midnight on March 30th. They knocked on the door and petitioner refused to let them in, saying he needed to get a blanket. They could hear a woman crying. One officer walked around to the back of the house and saw through the window a naked woman on the floor crying. The officer at the front door yelled that he would kick the door down if petitioner did not let him in. Petitioner let the officer in and led him to Butz, who was in labor. The ambulance transported Butz to the hospital where she delivered her son.

Petitioner was arrested and subsequently tried and convicted.

Page 4 - OPINION AND ORDER

After his conviction, petitioner appealed the judgment. The Oregon Court of Appeals affirmed both the conviction and the sentence from the bench in State v. Vasquez, 195 Or. App. 184, 99 P.3d 1238 (2004), and the Oregon Supreme Court denied review, 337 Or. 669, 104 P.3d 601 (2004), on December 21, 2004.

Petitioner filed a Petition for Post-Conviction Relief on June 24, 2005, and an Amended Petition for Post-Conviction Relief on September 28, 2005. Marion County Circuit Court (the "PCR court") denied the petition on July 10, 2006 and entered judgment dismissing the petition on August 2, 2006. The Oregon Court of Appeals summarily affirmed on July 23, 2007 and the Oregon Supreme Court denied review on October 4, 2007. The judgment dismissing his petition for post-conviction relief became final on December 7, 2007.

Petitioner signed his federal habeas petition on January 15, 2008 and filed it pro se on March 14, 2008. The state responded. The Court subsequently appointed counsel for petitioner, who filed an Amended Petition for Writ of Habeas Corpus on June 11, 2009. Petitioner informed the Court that he did not want to waive the arguments he had raised in his initial petition and that he disagreed with his counsel's failure to raise those issues in the amended petition. Since the state had already responded to the initial petition, the Court informed petitioner that it would consider all of the arguments raised in both the petition and the amended petition.

///

## DISCUSSION

I. <u>Allegations in the Initial Petition for Habeas Relief</u>

Petitioner asserts three grounds in support of his initial request for habeas relief: ineffective assistance of counsel, denial of due process of law, and the imposition of a sentence in violation of state law.

On the first ground, petitioner alleges trial counsel was ineffective for: not investigating and adequately preparing for trial (1.1); failing to inform petitioner about the consequences of waiving a jury trial (1.2); not raising speedy trial issues (1.3); deciding not to sever the cases (1.4); failing to object to improper sentencing (1.5); failing to make evidentiary objections (1.6); not objecting to hearsay statements in the presentence report (1.7); failing to inform petitioner of his right to testify (1.8); failing to evaluate petitioner to determine whether he could aid and assist (1.9); not objecting to a lengthy continuance during the trial (1.10); and failing to raise <u>Miranda</u> issues (1.11).

Petitioner's second ground is that the court denied him due process when: it made findings of fact for sentencing purposes in violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>State v. Dilts</u>, 337 Or. 645, 103 P.3d 95 (2004) (2.1); ordered consecutive sentences based on findings of fact without a jury in violation of <u>Blakely</u>, <u>Dilts</u>, and <u>State v. Gornick</u>, 196 Or. App. 397, 102 P.3d 734 (2004) (2.2); imposed sentences based on hearsay statements in violation of <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) (2.3); and failed to designate him to the State Hospital due to his mental status (2.4).

Finally, in his third ground, petitioner alleges the court "imposed a sentence not in accordance with State Law. ORS 138.530(1)(c)." Pet. for Writ of Habeas Corpus at 7.

Petitioner explains that the court ordered consecutive sentences based on a finding that petitioner's acts separately harmed the victim, when the court's findings were not based on evidence pleaded and proved beyond a reasonable doubt.

    A.    <u>No Federal Question</u>

Ground one alleges ineffective assistance of counsel in violation of both the state and federal constitutions. To the extent ground one relies on the state constitution, it fails to assert a federal question and is denied. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991) (habeas relief may be granted when a conviction "violated the Constitution, laws, or treaties of the United States"). Similarly, it appears ground three alleges the trial court violated state law. To the extent it does, it is denied for the same reason. To the extent it raises a federal question, the merits are addressed below.

    B.    <u>Defaulted Claims</u>

Many of petitioner's claims in his first ground for relief must be denied for procedural default  Although petitioner raised all but one of these claims in his petition for post-conviction relief in the PCR court, he failed to raise many of these issues on appeal. Specifically, petitioner failed to appeal the PCR court's rulings related to his counsel's: lack of investigation and preparation for trial (1.1); waiver of a jury trial (1.2); failure to raise speedy trial issues (1.3); decision not to sever the cases (1.4); lack of evidentiary objections (1.6); failure to inform petitioner of his right to testify (1.8); failure to evaluate petitioner to determine whether he could aid and assist (1.9); and failure to object to a lengthy continuance during the trial (1.10). Furthermore, petitioner did not allege, in either his amended post-conviction petition or on appeal, his claim that his counsel failed to object to statements he made without the benefit of

Page 7 - OPINION AND ORDER

Miranda warnings (1.11).  Finally, petitioner failed to appeal a portion of his second ground for relief–that the court should have considered designating him to the State Hospital due to his mental status (2.4).

A federal court must dismiss a state prisoner's petition for a writ of habeas corpus unless the state prisoner has exhausted available state remedies on all claims alleged in his petition. 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 522 (1982).  A state prisoner can satisfy the exhaustion requirement by fairly presenting his claims to the highest state court.  Picard v. Conner, 404 U.S. 270, 275-76 (1971).  To fairly present a constitutional claim in state court, both the facts underlying the claim and the "substance," or legal basis, of the constitutional violation must be presented.  Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

If petitioner has failed to raise the claim at the state level, and can no longer do so because he is procedurally barred under state law, the claims are procedurally defaulted in federal court.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 730-31.  If a state prisoner procedurally defaults on a claim in state court, a federal court will not review the claim unless the state prisoner shows cause for the state procedural default and actual prejudice from it, or that "failure to consider the claims will result in a fundamental miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Murray v. Carrier, 477 U.S. 478, 485 (1986); Coleman, 501 U.S. at 750.

Because petitioner did not present these claims to the highest state court and because he cannot show cause for the default, actual prejudice resulting from it, or a miscarriage of justice, petitioner's request for habeas relief based on ineffective assistance of counsel in ground one as

Page 8 - OPINION AND ORDER

set forth above, and the portion of his second ground for relief alleging trial court error (2.4), must be denied.

    C.    Remaining Claims

Petitioner properly exhausted two components of his first ground for relief: his counsel's failure to object to improper sentencing (1.5); and his counsel's failure to object to hearsay statements in the presentence report (1.7). Furthermore, although the state argues petitioner failed to exhaust the claims in his second ground for relief, I will consider the arguments on the merits.[1] In his second ground for relief, as I set forth above, petitioner alleges the trial court violated Blakely v. Washington, 542 U.S. 296 (2004), and State v. Dilts, 337 Or. 645, 103 P.3d 95 (2004) (2.1), ordered consecutive sentences based on findings of fact without a jury in violation of Blakely, Dilts, and State v. Gornick, 196 Or. App. 397, 102 P.3d 734 (2004) (2.2), and imposed sentences based on hearsay statements in violation of Crawford v. Washington, 541 U.S. 36 (2004) (2.3). I will first address the merits of the claims raised in the second ground for relief.

    1.    Second Ground for Relief (2.1, 2.2 and 2.3)

A petition for writ of habeas corpus, filed by a state prisoner, shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly

---

[1] The state contends petitioner failed to preserve these issues at trial, failed to raise them on direct appeal, and that the claims were not subject to review under the plain error standard. Because petitioner's claims fail on the merits, I need not address whether petitioner procedurally defaulted them. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Page 9 - OPINION AND ORDER

established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented[.]"  28 U.S.C. § 2254(d); Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result.  Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably applies clearly established federal law when it is correctly identified, but applied in an objectively unreasonable manner to the facts of the case. Lockyer, 538 U.S. at 75-76; Bell, 535 U.S. at 694.

Petitioner's claim that the trial court violated Blakely, Dilts, and Gornick by imposing consecutive sentences based on facts found by the court not by the jury (2.2) fails.  While this federal habeas petition was under advisement, the Supreme Court upheld the constitutionality of Oregon's statute delegating fact-finding for consecutive sentencing to judges.  Oregon v. Ice, 129 S. Ct. 711, 719 (2009).  The PCR court's rejection of this ground for relief is neither contrary to, nor an unreasonable application of, clearly established federal law.  For this reason, petitioner's claims that the trial court unconstitutionally imposed consecutive sentences, as set forth in both 2.2 and arguably in ground three, are denied.

Petitioner has not set out any argument supporting his claim under Blakely (2.1).  In the state PCR proceeding on this issue, the language of which he copied exactly for his federal petition, he simply argued that the trial court unconstitutionally imposed consecutive sentences. For the reasons set forth above, I deny this claim.

Finally, petitioner's claim that the trial court erred in considering hearsay statements in sentencing him (2.3) must be denied. First, there is no indication in the record that a presentence investigation report was ever requested or submitted to the court. Even if there were such a report, the rule against hearsay statements announced in Crawford does not apply retroactively on collateral review and does not preclude the use of such statements at sentencing. Whorton v. Bockting, 549 U.S. 406 (2007) (Crawford is not retroactive); Crawford, 541 U.S. 36 (hearsay statements may not be made at criminal trial unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine); United States v. Littlesun, 444 F.3d 1196, 1199 (9th Cir.) (Crawford "speaks to trial testimony, not sentencing"), cert. denied, 549 U.S. 885 (2006). The PCR court's rejection of this ground for relief is neither contrary to, nor an unreasonable application of, clearly established federal law.

    2.    First Ground for Relief (1.5 and 1.7)

Petitioner challenges his counsel's failure to object to improper sentencing and to object to hearsay statements in the presentence report.

The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2004). However, even assuming that the Supreme Court's traditional test for ineffective assistance of counsel applies to non-capital sentencing proceedings, petitioner is not entitled to relief.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To establish the second prong of the Strickland test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the PCR court proceedings, petitioner argued the consecutive sentences were unconstitutional under Blakely and Apprendi and that his counsel was ineffective for failing to argue this. The PCR court held that those cases did not retroactively apply and that petitioner failed to prove there was anything more his attorney could have argued at sentencing. More importantly, as I noted above, the Supreme Court recently held that Oregon's consecutive sentencing does not violate the Sixth Amendment. As a result, petitioner's claim that his counsel was ineffective for failing to object to sentencing issues (1.5) must be denied as the PCR court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

Similarly, petitioner's claim that his counsel was ineffective for failing to object to the court's consideration of hearsay statements (1.7) must also be denied. As the PCR court noted, petitioner failed to submit evidence that a presentence report was prepared and failed to prove that any hearsay statements would be barred by the reasoning in Crawford. As set forth above, Crawford has no retroactive application in a collateral proceeding and, in any event, does not

apply to the hearsay statements in sentencing proceedings.  As a result, the PCR court's decision was not contrary to clearly established federal law.

Based on the above, the initial petition for habeas corpus is denied.

II.     Allegations in the Amended Petition for Habeas Relief

In his amended petition for writ of habeas corpus, petitioner alleges that his convictions for kidnapping violated the Due Process Clause because the state "failed to present sufficient evidence of each required element under Jackson v. Virginia, 443 U.S. 307 (1979)."  Am. Pet. at 4.  He also relies on what he claims is newly discovered evidence supporting his argument.

The state responds that the claim is barred by the statute of limitations contained in the Anti-terrorism and Effective Death Penalty Act ("AEDPA") for writs of habeas corpus.  Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).

The state calculates petitioner's limitation period ran from March 21, 2005, the date the time ran for filing a certiorari petition on his direct appeal, until June 24, 2005, the date on which petitioner filed his state PCR petition, and from December 7, 2007, the date the final PCR appellate judgment issued, until January 15, 2008, the date the initial federal habeas petition was signed,[2] accruing a total of 134 days.  The federal amended habeas petition, however, was not

---

[2]Although the filing date on the court's docket is March 14, 2008, the "mailbox" rule applies.  Saffold v. Newland, 224 F.3d 1087, 1091 (adopting the "mailbox" rule for pro se habeas petitions under the AEDPA), amended by, 250 F.3d 1262 (9th Cir. 2000), overruled on other grounds by, Carey v. Saffold, 536 U.S. 214 (2002).  Under this rule, a pro se habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities.  Petitioner's submission

Page 13 - OPINION AND ORDER

filed until June 11, 2009, accruing a total of 647 days after the direct appeal became final and 282 days after the one-year statute of limitations expired.

Federal Rule of Civil Procedure 15 governs pleading amendments and is made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 12. Rule 15 allows pleading amendments with "the opposing party's written consent or the court's leave" any time during a proceeding. See Fed. R. Civ. P. 15(a)(2). Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005).

The amended petition raises a new claim that differs in both time and type from those raised by the initial petition. The initial petition sets out claims of ineffective assistance of counsel and trial court sentencing issues. In contrast, the amended petition challenges the sufficiency of the evidence supporting the kidnapping conviction.

Neither the Supreme Court nor the Ninth Circuit has decided whether the actual innocence exception excuses an untimely claim. Majoy v. Roe, 296 F.3d 770, 777 (9th Cir. 2002) (declining to resolve whether actual innocence can excuse an untimely petition). Even if it did, to demonstrate actual innocence, a petitioner must present "new reliable evidence-whether it be

---

indicates that he delivered his petition to the prison mailing system on January 15, 2008, and so it is deemed filed on that date.

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998); Griffin v. Johnson, 350 F.3d 956, 961 (9th Cir. 2003), cert. denied, 541 U.S. 998 (2004). Petitioner must demonstrate that, in light of all the evidence (old and new), it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. House v. Bell, 547 U.S. 518, 537-38 (2006); Smith v. Baldwin, 510 F.3d 1127, 1140 (9th Cir. 2007). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." House, 547 U.S. at 538. Petitioner cannot meet this burden.

Kidnapping, under Oregon law, requires that "with intent to interfere substantially with another's personal liberty" and "without consent or legal authority," the defendant either (1) "takes the person from one place to another," or (2) "secretly confines the person in a place where the person is not likely to be found." ORS 163.225(1)(a), (1)(b).

Petitioner argues that the state failed to prove the intent element under a case issued after petitioner's trial. In State v. Wolleat, 338 Or. 469, 478, 111 P.3d 1131 (2005), the court concluded that dragging a victim from one room to another while assaulting her was insufficient to constitute kidnapping as it failed to meet the element of "intent to interfere substantially with another's personal liberty." ORS 163.225.

Petitioner argues, then, that his movement from one room to another inside the house does not constitute kidnapping. He submits a police report, which he characterizes as new evidence, in which the officer notes, "When Andrea went to a different room she did so of her

own will." Am. Pet. Ex. E.  Accordingly, he claims to be actually innocent of the charge of kidnapping.

As an initial matter, the Wolleat court specifically noted that the defendant was charged with taking the victim from one place to another, not secretly confining the victim, and it "limit[ed] [its] discussion accordingly." 338 Or. at 473 n.3.  Nevertheless, I note that in examining the meaning of the phrase "intent to interfere substantially with another's personal liberty," the court commented that the element could be met by a defendant who intends to "confine the victim for a substantial period of time." Id. at 475.

Accordingly, the facts found by the trial court to support a finding that petitioner secretly confined Butz also support a finding that he intended to substantially interfere with Butz's personal liberty. See Trial Tr. vol. II, 58-59, Sept. 18, 2002.  As an initial matter, petitioner held Butz for a substantial period of time, terrorizing her for more than a day.  Furthermore, he covered the windows with blankets, locked the door, removed the batteries from the cordless phone so she could not call for help, specifically beat her feet so she could not leave, and interfered with her call to 9-1-1.  The new evidence that Butz moved from one room to another does not make it "more likely than not that no reasonable juror would have found petitioner guilty[.]" Schlup, 513 U.S. at 327.

Petitioner also argues that he did not "secretly confine" Butz, relying on State v. Montgomery, 50 Or. App. 381, 624 P.2d 151 (1981).  However, absent any evidence of actual innocence, an argument he does not make, this claim is time-barred.

## CONCLUSION

The petition for a writ habeas corpus (#2) and the amended petition for writ of habeas corpus (#31) are denied. This proceeding is dismissed with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this    19th    day of February, 2010.

    /s/ Garr M. King
Garr M. King
United States District Judge